TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Marie Veneracion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Marie Veneracion,<br><br>                Plaintiff,<br><br>    vs.<br><br>Wilshire Consumer Loans LLC,<br><br>                Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>  **1. THE TELEPHONE CONSUMER PROTECTION ACT;**<br>  **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Marie Veneracion (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Wilshire Consumer Loans LLC (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Long Beach, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Beverly Hills, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone numbers: 562-XXX-4696 and 310-XXX-7624 (hereafter "Numbers").

12. Defendant placed calls to Plaintiff's Numbers in an attempt to collect a debt.

13. The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

14. When Plaintiff answered Defendant's calls, she was met with a significant period of silence before Defendant's automated system attempted to connect Plaintiff with a live representative.

15. On other occasions when Plaintiff answered Defendant's calls, she heard a prerecorded voice that announced Defendant's name, and then the call would disconnect.

16. On other occasions when Plaintiff answered Defendant's calls, she heard a significant period of silence, and then the call would disconnect.

17. On or about January 16, 2018, Plaintiff spoke with a live representative and requested that Defendant cease all further calls to her number ending in 4696.

18. Plaintiff reiterated this request on or about January 30, 2018.

19. In February of 2018, Plaintiff spoke with a live representative and requested that Defendant cease all further calls to her number ending in 7624.

20. Ignoring Plaintiff's requests, Defendant continued to call her Numbers using an ATDS at an excessive and harassing rate.

21. On March 27, 2018, Plaintiff's counsel sent a certified demand letter and draft complaint to Defendant, advising of representation and instructing Defendant to cease all calls to both of Plaintiff's Numbers.

22. Defendant received the certified letter on April 2, 2018.

23. Nevertheless, Defendant continued to place calls to both of Plaintiff's Numbers.

24. Defendant's calls directly and substantially interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff to suffer a significant amount of anxiety, frustration, and annoyance.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

26. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Numbers absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

27. Defendant's telephone system has the earmark of using an ATDS and/or Robocalls in that Plaintiff, upon answering calls from Defendant either:

   a. Heard silence and had to wait on the line to be connected to the next available representative; or

   b. Heard a prerecorded voice that announced Defendant's name, and then the call would disconnect; or

   c. Heard a significant period of silence, and then the call would disconnect.

28. Defendant called Plaintiff's Numbers using an ATDS and/or Robocalls without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

29. Defendant continued to willfully call Plaintiff's Numbers using an ATDS knowing that it lacked the requisite consent to do so in violation of the TCPA.

30. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

31. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

32. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

33. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

34. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

35. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

36. Defendant caused Plaintiff's telephones to ring repeatedly or continuously to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

37. Defendant communicated with Plaintiff with such frequency as to be unreasonable, constituting harassment, in violation of Cal. Civ. Code § 1788.11(e).

38. Defendant initiated communications with the Plaintiff after being notified in writing that Plaintiff was represented by an attorney, in violation of Cal. Civ. Code § 1788.14(c).

39. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

40. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: May 23, 2018          TRINETTE G. KENT

By: */s/ Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Marie Veneracion